S. J. LARSON ET AL., APPELLEES, V. JULIUS BUMANN, APPELLANT.

FILED FEBRUARY 13, 1934. No. 28715.

*Hutton & Mueting,* for appellant.

*Fred S. Berry, W. A. Meserve* and *P. H. Peterson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

ROSE, J.

This is an action on a 1,000-dollar promissory note dated April 24, 1925. The First National Bank of Wausa was payee and Julius Bumann was maker. S. J. Larson, Fred Frevert, Olof Olson, A. W. Stenberg, Emil Bumann, August Mord and Emil Engdahl are plaintiffs. Julius Bumann, maker, is defendant. Plaintiffs pleaded that, for a valuable consideration, payee, before maturity of the note, indorsed it without recourse and delivered it to the First National Bank of Omaha, an innocent purchaser and holder in due course of business without knowledge or notice of any defense to it, and that the indorsee named sold and delivered it to plaintiffs for $1,000.

In an answer to the petition defendant denied that plaintiffs were owners or holders of the note and alleged in detail the following facts: The note in suit was a renewal of an original note executed October 15, 1924, for five shares of stock in the First National Bank of Wausa. To protect their own interests, plaintiffs, who were interested in that bank, engaged in a joint enterprise to reorganize it, the reserve having become impaired. It was alleged further in the answer that plaintiffs falsely represented to defendant they were organizing a new bank by selling new stock; that defendant believed the false representations, relied on them and purchased five shares; that defendant did not receive new stock in a new bank, but gave his note for stock which was worthless. He pleaded further that the note in suit was pledged by the original payee as collateral security for money lent to plaintiffs by the First National Bank of Omaha.

A reply put in issue facts alleged as defenses.

Upon a trial of the issues the district court directed a verdict in favor of plaintiffs for $1,730 which the jury rendered. From a judgment therefor defendant appealed.

After the evidence had been adduced on both sides, each party requested a peremptory instruction in his favor. In this situation the direction to the jury to render a verdict for plaintiffs was equivalent to general findings by the

trial court in their favor on every material issue of fact. On appeal such findings have the same effect as if voluntarily made by the jury. The sufficiency of the evidence to sustain the judgment is the question presented on the issues of fact. *Knies v. Lang,* 116 Neb. 387, and cases cited in the opinion.

For convenience, the First National Bank of Wausa will be called the "Wausa Bank" and the First National Bank of Omaha the "Omaha Bank." The note in suit was executed and delivered by defendant and no part of the debt evidenced by it was ever paid by him. In October, 1924, the reserve of the Wausa Bank was impaired and a federal bank examiner insisted on an improvement of its condition. A plan to reorganize with new capital and officers was adopted. The old stock was surrendered and canceled and new stock was issued. There were 130 purchasers of the new stock, some of them paying for shares with cash, some with checks and others with notes. Five shares were issued to defendant who accepted them and gave in payment his personal note for $1,000 October 15, 1924, payable six months thence to the Wausa Bank, payee. The 1,000-dollar note in suit was executed and delivered by defendant to the Wausa Bank in renewal of his former note for the same amount. Pursuant to the plan adopted, the Wausa Bank was reorganized with new stockholders generally, with new capital furnished in the manner indicated and with new directors and new executive officers in control. The five shares of stock issued to defendant by the Wausa Bank were in the form of a single stock certificate, showing on its face what the stock was and what he procured for his original 1,000-dollar note. His shares represented a proportionate ownership of the reorganized Wausa Bank, which openly continued under federal authority to transact a commercial banking business with the location unchanged. Defendant treated his stock as his own and never surrendered his shares or tendered them back. While resisting judgment on his renewal note, he retained his stock throughout the trial without

any attempt or offer to rescind his contract of purchase. He did not prove his stock was worthless and the evidential facts and circumstances abundantly support the district court's finding that defendant was not induced by fraud to purchase stock or to give his note for it.

Did plaintiffs become the owners of the 1,000-dollar note given by defendant in renewal of the note with which he purchased his stock, including the right to maintain this action? The answer depends on the nature of the transactions through which plaintiffs acquired the note in suit. The propriety of keeping in the Wausa Bank the notes received by it for capital stock was questioned by a federal bank examiner and currency or its equivalent was needed in place of the stock notes. In this situation the Wausa Bank negotiated with the Omaha Bank for a loan of $13,700, which was subsequently made. As part of the transaction the Wausa Bank indorsed, transferred and delivered to the Omaha Bank $13,700 in stock notes. A note for $13,700 by directors of the Wausa Bank, plaintiffs, to the Omaha Bank was also exacted by the latter as a condition of making the loan. Plaintiffs, as individuals, executed their note for $13,700 October 29, 1924, in favor of the Omaha Bank and delivered it to the latter with a number of stock notes aggregating the same amount. Among the stock notes so transferred by the Wausa Bank to the Omaha Bank was defendant's 1,000-dollar note in suit. The amount of the loan was received directly by the Wausa Bank. No plaintiff received any part of it. By means of payments on stock notes in the hands of the Omaha Bank, it received on its loan to the Wausa Bank $6,700, thus reducing the debt to $7,000. April 29, 1925, plaintiffs renewed their 13,700-dollar note to the extent of $7,000 by giving a new one therefor and the Omaha Bank retained stock notes aggregating the amount of the renewal, among them the unpaid renewal note of defendant. Later plaintiffs paid from their individual funds the 7,000-dollar note owing by the Wausa Bank to the Omaha Bank and the latter delivered it to plaintiffs with the unpaid

stock notes remaining in its hands including defendant's note. The evidence of these facts is undisputed and the proper conclusions therefrom, in view of all the circumstances and the real transactions, are as follows: The 13,700-dollar loan was the primary obligation of the Wausa Bank to the Omaha Bank. In the transactions between the two banks · plaintiffs were sureties for the Wausa Bank, the principal debtor. When plaintiffs, the sureties, paid to the Omaha Bank from their individual funds the remainder of the loan, or $7,000, they acquired the unpaid stock notes then remaining in the hands of the Omaha Bank, including the right to recover the amount due on the 1,000-dollar stock note of defendant, to which there was no valid defense. When the facts warrant, a surety who pays the debt of his principal may by subrogation acquire collateral security held by the creditor for payment of the debt and maintain an action on such security.

These conclusions will not subject defendant to a double liability on his note. The Wausa Bank, maker, indorsed it to the Omaha Bank without recourse and delivered it to the indorsee in good faith. The $13,700 received by the Wausa Bank by means of the loan for that amount included the proceeds of the sale of defendant's note to the Omaha Bank. The debt evidenced by it is now owing to plaintiffs alone. The evidence sustains the judgment.

AFFIRMED.